UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

ANGIODYNAMICS, INC.,

        Plaintiff,

   -against-                                1:08-CV-0004 (LEK/RFT)

BIOLITEC, INC.,

        Defendant.

**<u>MEMORANDUM-DECISION and ORDER</u>**

      Presently before the Court are Biolitec's letter brief (Dkt. No. 177) and AngioDynamic's letter motion (Dkt. No. 178) in response to the Court's order dated June 1, 2011 that Dkt. Nos. 94-110, 112-120, 126, 127 & 160 be unsealed on June 15, 2011. Dkt. No. 173. The Court ordered the parties to call to the Court's attention any particular circumstances surrounding the product of a contested document or documents no later than June 8, 2011. <u>Id.</u> The Court noted that, absent a showing of the most compelling reasons, documents used by the parties in the present action moving for, or opposing, summary judgment, will not remain under seal. <u>Id.</u> <u>See</u> <u>Lugosch v. Pyramid Co.</u>, 435 F.3d 110 (2d Cir. 2006) (finding a presumption of access to documents submitted on a summary judgment motion absent a showing of the most compelling reasons). The Court's Order further stated that, if the parties satisfied this standard with respect to one or more documents in the record, the Court would make specific findings that sealing is essential to preserve higher values and is narrowly tailored to serve that interest. Dkt. No. 173.

      Biolitec requests that one exhibit remain sealed ("Henneberger 2"). This document was marked as Exhibit 2 during the December 14, 2009 deposition of Arthur Henneberger and was cited by AngioDynamics in its Memorandum of Law in Support of its Motion for Summary

Judgment, and identified as Exhibit 10 in the Declaration of William E. Reynolds. Biolitec argues that Henneberger 2 does not have any bearing on the matters at issue in this action. Dkt. No. 177.

According to Biolitec, the document consists of records of Biolitec's sales of lasers, including identification of the customers it has developed over the years, and its pricing and discount structure, all of which are proprietary Biolitec trade secrets. Id. Biolitec points out that there is no disputed issue in this action about the fact that Biolitec sold lasers and fibers to others at the same time it sold them to AngioDynamics, and furthermore that there is no dispute about the amount of those sales, the identity of Biolitec's customers, or its pricing and discount structure. Id.

Biolitic also argues that, if this information is made publicly available, it would have a negative impact on Biolitec's ability to conduct business. Id. Specifically, Biolitec argues that its competitors would learn who Biolitec's customers are and what has been necessary for Biolitec to satisfy those customers in terms of pricing, and would therefore have an unfair opportunity to undercut Biolitec in order to steal those customers. Id.

Because there is no dispute concerning the contents of this document, and because Biolitic makes a persuasive argument that it concerns proprietary information, the Court finds that it falls within the permitted restrictions on public access contained in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006). See MacroMavens, LLC v. Deutsche Bank Sec., Inc., Dkt. No. 09 Civ. 7810, 2011 WL 1796138, at *1 (S.D.N.Y. April 7, 2011) ("[T]he court may still restrict public access where the public interest in disclosure is outweighed by competing considerations, such as . . . the need to protect trade secrets") (citing Lugosch and FED. R. CIV. P. 26(c)(1)(g)).

AngioDynamics requests that the Court redact certain portions of the June 2, 2008 Settlement Agreement among AngioDynamics, VNUS Medical Technologies, Inc. ("VNUS"), and Vascular Solutions, Inc. ("VSI"), along with references to those portions in the parties' summary judgment papers. Dkt. No. 129-1.

The Settlement Agreement states that its "financial terms" are "confidential information" belonging to each of the three parties to the agreement. Id. ¶ 34. The Agreement also requires each party "to take all reasonable steps necessary to preserve and protect the confidentiality of the financial terms of this Agreement." Id. According to AngioDynamics, it contacted both VNUS and VSI to inform them of the Court's June 1 Order, and VNUS responded by informing AngioDynamics that it wished to keep certain portions of the Settlement Agreement under seal.

AngioDynamics has provided the Court with a Declaration from VNUS's Senior Intellectual Property Counsel and with a copy of the Settlement Agreement, which shows VNUS's requested redactions to paragraphs 2, 3, 13, 33(ii)(a), 39-40, 43-45, 48, and 53, and Exhibit A. Dkt. No. 178-1, 178-2. AngioDynamics also points out that paragraphs 2, 13, and 33(ii)(a), and Exhibit A contain detailed information regarding the ongoing royalty AngioDynamics is required to pay to VNUS under the Settlement Agreement, including: (1) the precise products subject to royalty payments; and (2) the precise amounts of the royalty AngioDynamics must pay to VNUS.

AngioDynamics argues that public disclosure of this information could substantially harm AngioDynamics. According to AngioDynamics, if competitors know exactly which products are subject to the royalty, as well as the precise amount of the royalty, they may be able to use that information to estimate AngioDynamics's profit margins for its products. AngioDynamics argues that this is the reason why this type of royalty information is generally kept confidential in

the medical device field.

"Notwithstanding the presumption of public access to judicial records, courts may deny access to records that are sources of business information that might harm a litigant's competitive standing." <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 598 (1978).  The Court finds that AngioDynamics has demonstrated that paragraphs 2, 13, and 33(ii)(a) and Exhibit A of the Settlement Agreement fall within this category of judicial documents, and therefore should remain under seal.

In their Motions, both parties have offered to provide proposed redactions of the relevant documents.  Dkt. Nos. 177, 178.  The Courts directs that the parties promptly provide new copies of the relevant papers in accordance with this Order by June 20, 2011.  The Court will stay the unsealing of these documents until June 23, 2011, pending its review of these redacted documents.

Accordingly, it is hereby:

**ORDERED**, that Biolitec's letter request (Dkt.  No. 177) is **GRANTED**; and it is further

**ORDERED**, that AngioDynamic's letter motion (Dkt.  No.  178) is **GRANTED;** and it is further

**ORDERED**, that the Dkt. Nos. 94-110, 112-120, 126, and 160 shall remain sealed until June 23, 2011.  The parties are directed to provide properly redacted documents in accordance with this order no later than June 20, 2011; and it is further

**ORDERED**, that the Court shall serve copies of this Order by regular mail upon the parties to this action.

**IT IS SO ORDERED.**

DATED:  June 14, 2011
        Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge